# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. HENSON, JR., | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-16-0976 |
| FRANK B. BISHOP, JR., *et al.*, | * | |
| Defendants | * | |

## **MEMORANDUM**

Pending is a motion to dismiss or, in the alternative, for summary judgment filed by Warden Frank Bishop, Assistant Warden J. Mines, Chief of Security William Bohrer, Lieutenant Bradley Wilt, Psychology Associate Lauren Bietzel, Social Worker Melissa Harr, and Social Worker Monica Wilson. ECF 22. Plaintiff has replied. ECF 24. The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, defendants' motion, construed as a motion for summary judgment, shall be granted.

### I. Background

Plaintiff James A. Henson, Jr., a state inmate currently confined to the Western Correctional Institution in Cumberland, Maryland, alleges that from March of 2006 until the filing of his complaint on March 31, 2016, while housed at the North Branch Correctional Institution, he chose to stay on "solitary confinement." ECF 1, p. 3. He states that unnamed guards refused to allow him to call his family out of state or to have a special out of state visit with his family. He also alleges that his outgoing mail to his family has been destroyed by unnamed correctional staff. *Id*. He claims that Lt. Bradley Wilt and his subordinates threatened to assign plaintiff to "another segregation 'vexatious' cell assignment with known violent disruptive criminal" (*id*. p. 3) if he did not stop using the prison grievance system. *Id*. Plaintiff

further alleges that a number of "known violent disruptive psychotic criminals" were excluded from his enemies list. *Id*.

Defendants indicate that on March 4, 2016, plaintiff filed a request for administrative remedy ("ARP") alleging that various correctional employees conspired over a ten-year period of time to deny him the use of the telephone and 'out of state' special visits and destroyed his family mail. ECF 22-2, p. 6 (ARP Case No. NBCI-0517-16). In his ARP, plaintiff referred to a court order but provided no information as to the substance of the order. The ARP was dismissed on March 7, 2016, with instructions to resubmit the ARP including a copy of the referenced order. *Id*. Plaintiff resubmitted the ARP on March 18, 2016, reasserting his allegations that his telephone and visitations privileges, mail, and cell assignments were all being curtailed/tampered with in retaliation for his having filed inmate grievances. ECF 2-5, p. 2. Plaintiff did not, however, provide the information previously requested by the ARP coordinator, and the ARP was dismissed on March 21, 2016. *Id*., p. 2.

Plaintiff filed an appeal to the Commissioner of Corrections on March 22, 2016, using the same ARP case number (0517-16) and alleging that he had been subjected to vexatious cell assignments. ECF 22-2, p. 8. The appeal was dismissed on March 31, 2016, with a notation that plaintiff had failed to follow the instructions regarding resubmission of his ARP at the institutional level. *Id*.

Plaintiff filed a grievance with the Inmate Grievance Office ("IGO") on April 7, 2016, using the same ARP Case No. 0517-16. *Id*., p. 9. The IGO responded advising plaintiff that he because he failed to exhaust his grievance procedure at the institutional level, his complaint was administratively dismissed. *Id*., p. 11.

On April 25, 2016, plaintiff filed another grievance with the IGO, utilizing the same ARP case number (0517-16). *Id*., p. 15. He alleged that he was subjected to vexatious cell assignments and that he suffered retaliation for using the prison grievance process. *Id*., pp. 15-18. On June 15, 2016, the IGO responded, directing plaintiff to clarify his claim within 30 days. *Id*., p. 19. Plaintiff failed to submit any additional information within the specified period of time.

**II. Analysis**

Defendants raise the affirmative defense of non-exhaustion and assert the complaint must be dismissed pursuant to 42 U.S.C. § 1997e. Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a), *see also Ross v. Blake*, _U.S. _, 136 S. Ct. 1850, 1858 (2016) (An inmate "must exhaust available remedies, but need not exhaust unavailable ones."). The statute provides in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Exhaustion is mandatory. *Blake*, 136 S. Ct. at 1857; *Jones v. Bock*, 549 U.S. 199, 219 (2007). A court may not excuse a failure to exhaust. *Blake*, 136 S. Ct. at 1856 (citing *Miller v.*

*French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion")). The purpose of exhaustion is to 1) allow a prison to address complaints about the program it administers before being subjected to suit; 2) reduce litigation to the extent complaints are satisfactorily resolved; and 3) prepare a useful record in the event of litigation. *Jones*, 549 U.S. at 219. An inmate's failure to exhaust administrative remedies is an affirmative defense; defendant bears the burden of proving that he had remedies available to him of which he failed to take advantage. *Id.* at 211–12, 216; *Moore*, 517 F.3d at 725.

In *Blake*, the Supreme Court of the United States identified three kinds of circumstances in which an administrative remedy is unavailable. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." 136 S. Ct. at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* The third circumstance arises when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

In Maryland, filing a request for administrative remedy ("ARP") with the warden of the prison is the first of three steps in the ARP process. *See* Code of Md Regs. ("COMAR"), tit. 12 § 07.01.04. The ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR, tit. 12 § 07.01.05A. If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of

Correction. COMAR, tit. 12 § 07.01.05C. If the appeal is denied, the prisoner has 30 days to file a grievance with the Inmate Grievance Office. *See* Md. Code Ann., Corr. Servs. §§ 10-206, 10-210; COMAR, tit. 12 §§ 07.01.03 and 07.01.05B.

Complaints are reviewed preliminarily by the Inmate Grievance Office ("IGO)"). *See* Md. Code Ann., Corr. Servs. § 10-207; COMAR, tit. 12 § 07.01.06A. If a complaint is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. Md. Code Ann., Corr. Servs. § 10-207(b)(1); *see* COMAR, tit. 12 § 07.01.07B. The order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. Md. Code Ann., Corr. Servs. § 10-207(b)(2)(ii). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings. *See* Md. Code Ann., Cts. & Jud. Proc. § 10-208(c); COMAR tit. 12 § 07.01.07-.08. The conduct of such hearings is governed by statute. *See* Md. Code Ann., Corr. Servs. § 10-208.

A decision of the administrative law judge denying all relief to the inmate is considered a final agency determination. However, a decision concluding that the inmate's complaint is wholly or partly meritorious constitutes a recommendation to the Secretary of DPSCS, who must make a final agency determination within fifteen days after receipt of the proposed decision of the administrative law judge. *See* Md. Code Ann., Corr. Servs. § 10-209(b)-(c).

The final agency determination is subject to judicial review in Maryland State court, so long as the claimant has exhausted his/her remedies. *See* Md. Code Ann., Corr. Servs. § 10-210. An inmate need not seek judicial review in State court in order to satisfy the PLRA's administrative exhaustion requirement. *See, e.g.*, *Pozo,* 286 F.3d at 1024 ("[A] prisoner who

uses all administrative options that the state offers need not also pursue judicial review in state court.").

The undisputed evidence demonstrates that on March 4, 2016, plaintiff submitted ARP NBCI-0517-16. *Id*., Ex. 1, p. 6. He resubmitted the ARP on March 18, 2016, without providing the information requested in the initial dismissal of the ARP. On March 22, 2016, plaintiff filed a headquarters appeal. The headquarters complaint was dismissed on March 31, 2016, the same date plaintiff mailed the instant complaint to the court. ECF 1-8. Thereafter, on April 7, 2016, plaintiff filed his first grievance with the IGO. Plaintiff did not complete his grievance process with the IGO.

Although plaintiff filed an opposition response to the dispositive motion (ECF 24), he does not dispute that he failed to properly and fully exhaust his claim **before** bringing this case. The instant case was docketed on April 4, 2016. ECF 1. Plaintiff filed his grievance with the IGO on April 7, 2016. "Exhausting administrative remedies after a complaint is filed will not prevent a case from being dismissed for failure to exhaust administrative remedies." *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 624 (D. Md. 2015) (citing *Neal v. Goord*, 267 F.3d 116, 121–22 (2d Cir. 2001)). Moreover, exhaustion is a precondition to filing suit in federal court. *Kitchen*, 116 F. Supp. 3d at 625 (citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) (prisoner may not exhaust administrative remedies during the pendency of a federal suit)). As plaintiff failed to exhaust his administrative remedies prior to instituting his complaint, the complaint shall be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or, in the alternative, for summary judgment, will be GRANTED and judgment will be ENTERED in favor of defendants and against plaintiff. A separate Order follows.

Dated this 23rd day of January, 2018 .

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge
